FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 01, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID B., | No: 4:24-cv-05147-RLP |
| Plaintiff, | |
| v. | ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying disability income benefits under Title II of the Social Security Act. ECF No. 12. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ erred in evaluating Mr. B.'s symptom statements. Therefore, Mr. B.'s brief, ECF No. 12, is granted and the Commissioner's brief, ECF No. 16, is denied.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 1

## JURISDICTION

Mr. B. filed for disability insurance benefits (DIB) on May 5, 2021, alleging an onset date of March 31, 2021. Tr. 243-49. Benefits were denied initially, Tr. 146-55, and upon reconsideration, Tr. 157-66. Plaintiff appeared at a hearing before an ALJ on April 16, 2024. Tr. 70-166. On July 25, 2024, the ALJ issued an unfavorable decision, Tr. 15-64, and the Appeals Council denied review on August 5, 2024. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore require only brief summary.

Mr. B. was born in 1971 and was 50 years old at the time of his application. Tr. 78. He has an associate of arts degree and is four classes away from a bachelor's degree. Tr. 79. Mr. B. has work experience as a gravel equipment operator, nuclear chemical operator, nuclear security officer, commission technician, and operations uranium recycling. Tr. 310. Mr. B. filed this claim for disability insurance benefits in May 2021, alleging his ability to work is limited by his heart condition. When his ICD (implantable cardioverter defibrillator) shocks him, which is unpredictable, he must lie down for several hours to a day. Tr. 82-83. He also alleged limitations from atrial fibrillation, congestive heart failure, shortness of breath, chronic fatigue,

depression, insomnia, joint pain, left knee injury, and neuropathy of the left foot. Tr. 295-305.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 3

is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP EVALUATION PROCESS

A claimant must meet two criteria to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 4

combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC). At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). At step five, the Commissioner considers whether, in view of the claimant's RFC, age, education, and past work experience, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 5

A finding of "disabled" does not automatically qualify a claimant for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.) When there is medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). It is the claimant's burden to prove substance addiction is not a contributing factor material to his disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

## ALJ'S FINDINGS

At step one, the ALJ found Mr. B. has not engaged in substantial gainful activity since March 31, 2021, the alleged onset date. Tr. 21. At step two, the ALJ found that Mr. B. has the following severe impairments: alcohol use disorder, alcohol-related cardiomyopathy, atrial fibrillation, obesity, osteoarthritis, left foot neuropathy, obstructive sleep apnea, depression, anxiety, and PTSD. Tr. 21.

At step three, the ALJ found that even with substance use, Mr. B. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 21. With respect to the RFC, the ALJ found Mr. B. has the capacity to perform sedentary work with the following additional limitations:

> No climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and/or stairs, balancing, stooping, kneeling, crouching, or crawling; need to avoid environmental hazards such as unprotected heights and dangerous machinery; limited to understanding, remembering and carrying out simple instructions and making simple

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 6

work-related decisions, with only occasional changes to a routine
work setting; no interaction with the public and no more than
occasional interaction with coworkers; and, owing to substance abuse
and symptoms, expected excessive work absences (i.e., 4 or more
monthly).

Tr. 25.

At step four, the ALJ found Mr. B. is unable to perform past relevant work as

a radiation technician. Tr. 47. At step five, after considering and Mr. B.'s age,

education, work experience, RFC, including the substance use disorder, the ALJ

found there were no other jobs that existed in significant numbers in the national

economy that Mr. B. could have performed. Tr. 47.

Because there is medical evidence alcohol addiction, the ALJ then evaluated

whether substance addiction is a material factor contributing to the disability. The

ALJ found that if Mr. B. stopped the substance use, he would still have the severe

impairments of cardiomyopathy, atrial fibrillation, obesity, osteoarthritis, and

obstructive sleep apnea. Tr. 48-49. The ALJ found that if Mr. B. stopped the

substance use, he would not have an impairment or combination of impairments that

meets or medically equals the severity of a listed impairment. Tr. 49. If Mr. B.

stopped the substance use, the ALJ found he would have the RFC to perform

medium work, except that he is limited to work that involves only occasional

changes to a routine work setting. Tr. 50. He would still be unable to perform past

relevant work. Tr. 57. The ALJ then found that if Mr. B. stopped the substance use,

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 7

there have been jobs that exist in significant numbers in the national economy that he can perform such as routing clerk, marker, or office helper. Tr. 57-58.

Therefore, the ALJ found that the substance use disorder is a contributing factor material to the determination of disability because Mr. B. would not be disabled if he stopped the substance use disorder. Tr. 58. Because the substance use disorder is a material factor to the determination of disability, the ALJ found Mr. B. has not been disabled, as defined in the Social Security Act, at any time from the alleged onset date through the date of the decision. Tr. 58.

## ANALYSIS

Mr. B. alleges the ALJ made several errors in concluding Mr. B. would not be disabled in the absence of substance use. Specifically, he contends the ALJ erred in (1) rejecting his symptom testimony, (2) dismissing some of his severe impairments, (3) evaluating the medical opinion evidence, and (4) assessing vocational testimony at step five of the analysis. Mr. B. argues that the remedy for the foregoing errors must be a remand with an award of benefits.

The Court agrees with Mr. B. in part. The Court concludes the ALJ committed reversible error regarding Mr. B.'s symptom testimony, some of his severe impairments, and the medical opinion evidence from nurse Kristine McMurray. These errors undermined the ALJ's analysis at step five. However, this is not an exceptional case that would warrant a remand for an award of benefits. Instead, this

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 8

matter must be remanded for further proceedings. Each of Mr. B.'s claims of error are addressed in turn.

### 1. Symptom Testimony

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. Social Security Ruling (SSR) 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. Id. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*,

1  278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it

2  discounted claimant's symptom claims)).

3       The ALJ found that Mr. B.'s medically determinable impairments could

4  reasonably be expected to produce his alleged symptoms, but his statements

5  regarding the intensity, persistence, and limiting effects are not entirely consistent

6  with the medical and other evidence of record. Tr. 50. Mr. B. contends the ALJ

7  improperly rejected his subjective complaints when considering his RFC without

8  substance use. The Commissioner contends the ALJ reasonably discounted Mr. B.'s

9  subjective statements because they were not consistent with the medical evidence.

10  ECF No. 16 at 4-6.

11       The ALJ summarized the medical record in detail, Tr. 50-57, but provided no

12  reasons for discounting Mr. B.'s symptom statements other than that they are "not

13  substantiated by the medical records."  Tr. 56. Even if substantial evidence supports

14  this finding, as noted *supra*, an ALJ may not discredit a claimant's pain testimony

15  and deny benefits solely because the degree of pain alleged is not supported by

16  objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001);

17  *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d

18  597, 601 (9th Cir. 1989). Because a lack of supporting objective evidence cannot be

19  the only reason for rejecting a claimant's symptom claims, the ALJ's reasoning is

20  legally insufficient. The matter must be remanded for reevaluation of Mr. B.'s

21  symptom testimony.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 10

### 2. Severe Impairments

An impairment is severe if it significantly limits the ability to do basic work activities. 20 C.F.R. § 416.920(c). The ALJ found that, considering the effects of substance use, Mr. B. had severe impairments that included left foot neuropathy and PTSD. Tr. 21. But if Mr. stopped substance use, "left foot neuropathy" would not be "an ongoing impairment" and "PTSD [would not be] considered a severe impairment with sustained sobriety." Tr. 49.

Mr. B. contends the ALJ erred in this analysis in two regards. First, he claims the ALJ relied on nothing but speculation to dismiss his left foot impairment and PTSD. Second, he argues that the ALJ's assessment of his neuropathy was incomplete, as it was not limited to his left foot. The Court agrees with Mr. B. as to the second point, but the first point is not something that warrants remand.

With respect to the left foot impairment and PTSD, the record fails to indicate that either condition was actually disabling. Turning to Mr. B's foot, the ALJ observed that even though Mr. B. reported numbness and pain in his foot in June 2024, "these symptoms did not prevent him from doing anything." Tr. 49 (citing Tr. 2637). Regarding PTSD, Mr. B. has not had any reported symptoms since 2022. *See* Tr. 49 (citing 1264, 1270); Tr. 49 (citing Tr. 1272, 1813). The fact that Mr. B. carries a PTSD diagnosis does not establish the existence of a severe impairment. 20 C.F.R. § 416.921. Given Mr. B. did not appear to have any work-related limitations

from his foot condition or PTSD, it was not error for the ALJ to conclude that these conditions would not be severe should Mr. B. achieve sobriety.

While the Court does not fault the ALJ's assessment of Mr. B.'s left foot neuropathy or PTSD, the record indicates the ALJ failed to address Mr. B.'s right lower extremity neuropathy and left upper extremity neuropathy with or without substance use. ECF No. 12 at 7-8. Mr. B. points to an August 2021 electrodiagnostic study with findings "affecting the bilateral lower extremities symmetrically and the left upper extremity," Tr. 560-61, which was considered by the ALJ. Tr. 30. Mr. B. also notes the ALJ did not address his allegations of difficulty using his hands, dropping items, and other similar deficits. Tr. 89-90, 94-96. As this matter is remanded on other grounds, the ALJ should address Mr. B.'s allegations regarding all upper and lower extremity neuropathy and clarify the impact of substance abuse, if any, on any limitations that may be found in the record.

### 3. Medical Opinions

An ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 404.1520c. Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required, to

explain how other factors were considered. 20 C.F.R. § 404.1520c(b)(2); *see* 20 C.F.R. § 404.1520c(c)(1)-(5).

Mr. B. argues the ALJ failed to properly assess medial opinion evidence from (1) Dr. Matthew Comrie and Gary Nelson, (2) Dr. Mark Hoitink, (3) Dr. J. Randall Farrar, (4) Kristine McMurray, and (5) Tanja Qualres. The Court agrees with Mr. B. only as to Ms. McMurray. Each of the five medical opinions is addressed in turn.

*Matthew Comrie, Psy.D. and Gary Nelson*[1]

In July 2022, Dr. Comrie reviewed the record and opined that with substance use, Mr. B. has moderate limitations in six functional areas: the ability to maintain attention and concentration; the ability to work in coordination with or proximity to others; the ability to complete a normal workday and workweek and perform at a consistent pace; the ability to interact with the general public, the ability to accept instructions and respond appropriately to criticism from supervisors, and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.  Tr. 127. He indicated that "Claimant would be able to interact with others, including supervisors and co-workers, on an occasional basis." Tr. 128.

---

[1] Mr. Nelson signed the opinion as a Medical Consultant without specifying any credential.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 13

1  Mr. Nelson assessed the same limitations in November 2022. Tr. 138-39. Based on

2  psychological (and physical) findings, Mr. B. was determined "not disabled" by the

3  medical consultants even with findings of substance abuse. Tr. 128, 139.

4         The ALJ found these assessments persuasive but, unlike the state agency

5  consultants, found the effects of Mr. B.'s alcohol abuse to be material. Tr. 46. The

6  ALJ found:

7              From a mental perspective, the undersigned agrees that
              interaction with coworkers would be limited to occasionally.
8              However, the undersigned finds that the claimant's combination
              of impairments, including alcohol use, would warrant limiting
9              him to understanding, remembering and carrying out simple
              instructions and making simple work-related decisions, with
10             only occasional changes to a routine work setting, and no
              interaction with the public.

11

12  Tr. 47. Mr. B. notes that missing from this evaluation of the state agency opinions is

13  any comment on their assessment of a limitation to occasional interaction with

14  supervisors. ECF No. 12 at 9-10. According to Mr. B., when the limitation to

15  occasional supervisor interaction is accounted for, he must be determined to be

16  disabled. ECF No. 12 at 10.

17         As the Commissioner points out, however, the problem with Mr. B.'s

18  argument is that the ALJ found Mr. B. disabled with the effects of substance use.

19  Thus, the failure to consider a potentially disabling limitation from opinions which

20  include the effects of substance use would not change the outcome of the finding

21  that Mr. B. is disabled without the effects of substance use. There is no indication in

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 14

the state agency consultant opinions that the limitation to occasional interaction with supervisors continues absent the effects of substance use. Nonetheless, since this matter is remanded on other grounds, the ALJ should address the limitation to occasional interaction assessed by the state agency consultants.

*Mark A. Hoitink, M.D.*

In June 2023, Dr. Hoitink completed a Mental Residual Functional Capacity Assessment form and assessed marked limitations in 9 mental functional areas and severe limitations in seven mental functional areas. Tr. 1609-12. He opined that Mr. B. would be off task over 30 percent of the time during a 40-hour workweek and he would likely miss four or more days of work per month. Tr. 1612. In the narrative portion of the form, Dr. Hoitink wrote,

> Atrial fibrillations + congestive heart failure causing severe shortness of breath, chest pain, fatigue interfering with ability to work at all. Previous cardiac echo 2/4/21 shows his cardiac ejection fraction reduced from 70% to 35%. Liver enzymes elevated. Liver failure is present.

The ALJ found Dr. Hoitink's opinion unpersuasive. Tr. 44.

Regarding supportability, the ALJ noted that the form is printed with, "Please exclude from this assessment any limitations due to current alcohol or drug use," and the last page states, "[t]he limitations noted above do not include limitations from current alcohol or drug use." Tr. 44-45 (citing Tr. 1609, 1612). The ALJ discussed evidence suggesting that Dr. Hoitink did not exclude consideration of alcohol use

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 15

from the assessment. Tr. 45. Although Mr. B. claims this is finding is "arbitrary," ECF No. 12 at 12, it is a reasonable inference from the evidence.

Regarding consistency, the ALJ observed that even considering alcohol use, Dr. Hoitink's opinions regarding mental health are "extreme" and internally inconsistent. Tr. 45. For example, Dr. Hoitink found Mr. B. is severely limited, defined as the "inability" to perform the activity, in every category of the adaptation function, but in assessing the category of adapt or manage oneself overall, he found Mr. B. has only a moderate limitation, defined as "fair" ability to function in that area. Tr. 1610-11. Additionally, the ALJ noted that on the same day Dr. Hoitink completed the assessment, Dr. Hoitink found Mr. B. to be alert, active, cooperative, in no acute distress, with good eye contact, normal speech, neutral mood and full affect. Tr. 216. Physical findings were normal for heart and lung function, abdominal exam, gait and station, motor function and sensation in all extremities.[2] Tr. 216.

Mr. B. contends the ALJ erred by citing "mostly mental health records" and argues that Dr. Hoitink's explanation regarding his physical condition is consistent with the record. ECF No. 17 at 5. The argument fails for two reasons. First, the ALJ

---

[2] It is noted that on the same date Dr. Hoitink stated that Mr. B.'s history includes alcohol abuse which he was trying to control on his own, "but now drinking again daily vodka and beers." Tr. 1829.

did not cite mostly mental health records. The ALJ discussed in detail findings related to Dr. Hoitink's assessment of liver damage, which the ALJ noted to be caused by alcohol use/abuse, and the physical exam findings from the date of the assessment. Tr. 45. Second, Mr. B. fails to address evidence that the assessment includes the effects of substance use which was reasonably determined by the ALJ to undermine the opinion. Accordingly, the ALJ's findings regarding consistency and supportability are supported by substantial evidence.

*J. Randall Farrar, M.D.*

In June 2023, Dr. Farrar, a cardiologist, completed a Medical Report form. Tr. 1606-08. Dr. Farrar indicated Mr. B. has diagnoses of chronic systolic CHF, atrial fibrillation, pulmonary hypertension, and cardiomyopathy. Tr. 1606. The narrative stated, "[p]atient has not been seen since 12/06/2021. He was sent to Dr. Curry for further treatment." Tr. 1608. In response to the question, "Would work on a regular and continuous basis cause your patient's condition to deteriorate?", Dr. Farrar wrote "unknown." Tr. 1606.

The form contains additional limitations purportedly assessed by Dr. Farrar, but the ALJ questioned those based on discrepancies in the ink and handwriting and language and spelling inconsistent with a cardiologist's opinion. Tr. 42. Specifically, the ALJ questioned whether answers written in light blue ink on the form were written by "someone else," and based on the first-person language of one of the responses and a handwriting comparison, the ALJ concluded the questionable

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 17

1  responses were likely written by Mr. B. Tr. 43. The ALJ found, "[i]t appears likely

2  that the claimant filled in the information/answered the questions that Dr. Farrar left

3  blank and was unable to answer because of the lack of treatment in a year-and-a-

4  half." Tr. 43.

5      Thus, the ALJ found the opinions expressed on Dr. Farrar's form lack

6  persuasive value. Tr. 43. The ALJ found it "highly likely" that many of the opinions

7  regarding functional limitations were provided by Mr. B. Mr. B. does not dispute

8  this conclusion, ECF No. 12 at 13-14, and this alone is a reasonable basis to reject

9  certain limitations. However, the ALJ found that even if Dr. Farrar wrote the entire

10  opinion, the opinion is not supported because Dr. Farrar had not seen Mr. B. for a

11  year-and-a-half and had no basis to assess his functioning. Tr. 43. The opinion does

12  not account for alcohol abuse which was a documented factor contributing to Mr.

13  B.'s cardiac condition. Tr. 43. The ALJ noted the opinion is inconsistent because it

14  refers to Mr. B.'s defibrillator, which was not installed at the time Dr. Farrar was

15  treating Mr. B. Tr. 43. This also means the opinion did not account for the benefits

16  later provided by the defibrillator. Tr. 43. The ALJ's findings are supported by

17  substantial evidence.[3]

18

19      [3] The ALJ did not use the terms "consistency" or "supportability," but the

20  Court concludes the topics were adequately addressed within the meaning of the

21  regulations.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 18

*Kristine McMurray, PMHNP[4]*

Ms. McMurray completed a consultative psychological evaluation in June

2022 and diagnosed depressive disorder and PTSD. Tr. 1193-1201. Ms. McMurray

opined that Mr. B. is able to understand, remember, and carry out simple and

complex instruction; is not able to sustain concentration and persist in work-related

activity at a reasonable pace, including work attendance and completing work

without interruption; and is not able to interact with coworkers and superiors and the

public and adapt to the usual stresses encountered in the workplace. Tr. 1199. The

ALJ found Ms. McMurray's opinion only partially persuasive. Tr. 37.

Regarding supportability, the ALJ found the treatment records do not

substantiate the extent of alleged difficulty with depression, anxiety or PTSD

symptoms, nor does the treatment record substantiate that Mr. B.'s impairments

preclude sustained concentration or persistence or prevent him from interacting with

others in the workplace. Tr. 37.

Regarding consistency, the ALJ found the greater limitations assessed by Ms.

McMurray are based on Mr. B.'s self-report are therefore not reliable. Ms.

McMurray referenced Mr. B.'s report of anxiety around others and significant

checking behaviors in support of the finding that he is not able to sustain

---

[4] A PMHNP is a psychiatric mental health nurse practitioner.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 19

concentration and persist in work-related activity at a reasonable pace, including attendance and completing work. Tr. 1199. She also referenced Mr. B.'s report of difficulty interacting with others when anxious, stressed, or irritated and checking behaviors in support of the finding that he is not able to interact with coworkers and superiors and the public and adapt to the usual stresses of the workplace. Tr. 1199. The ALJ contrasted these findings with Ms. McMurray's citation to specific exam findings in support of her finding that Mr. B. is able to understand, remember, and carry out simple and complex instructions. Tr. 1199.

The ALJ did not address how Ms. McMurray's opinion was evaluated in context of alcohol use. The Commissioner points out that Ms. McMurray noted Mr. B. "last drank alcohol yesterday" and he stated he drinks "too much." Tr. 1195. However, the ALJ did not provide any analysis regarding the limitations with or without alcohol use. The Court can only consider reasoning asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). Additionally, the ALJ found the opinion less persuasive because certain findings were based on Mr. B.'s statements as part of the clinical interview. Because the ALJ's finding regarding Mr. B.'s symptom statements are insufficient, this finding is also undermined. Accordingly, Ms. McMurray's opinion must be reconsidered on remand.

*Tanja Quarles, PMHNP-BC*

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 20

1    In May 2024, Ms. Quarles completed a psychiatric evaluation and diagnosed

2    major depressive disorder, generalized anxiety disorder, and alcohol use disorder.

3    Tr. 2623-35. She opined that Mr. B. has mild impairments in the ability to retain and

4    follow instruction and in the ability to sustain attention and perform simple repetitive

5    tasks; a moderate impairment in interpersonal capabilities; and a marked impairment

6    in the ability to tolerate stress associated with activities of daily living and work

7    activity. Tr. 2627-28. She stated that given his symptoms, "it seems highly unlikely

8    that he could function in a work environment."  Tr. 2628. The ALJ found Ms.

9    Quarles' opinion to be partially persuasive. Tr. 54.

10    Regarding supportability, the ALJ found the "significant mental illness

11    symptoms alleged to PMHNP Quarles are not substantiated" by the treatment record

12    from the latter half of 2023 and 2024. Tr. 54. The ALJ observed that at those visits,

13    Mr. B. reported he was doing pretty good, with a good or euthymic mood and

14    normal mental status exams. Tr. 54; *see e.g.*, Tr. 1795, 1797-98, 1803. At his most

15    recent mental health visit in March 2024, he had a bright affect and very pleasant

16    demeanor with no concerns with sleep or mood. Tr. 54, 1789-90.

17    Regarding consistency, the ALJ found the mental status exam results obtained

18    by Ms. Quarles are not consistent with Mr. B.'s allegations about symptoms and

19    functional limitations. Tr. 54. The ALJ also noted that while Ms. Quarles

20    commented that Mr. B.'s functional assessment "seems to be significantly impacted

21    by his chronic medical conditions, and he would benefit from an evaluation from a

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 21

medical provider," a medical evaluation conducted shortly thereafter found that Mr. B.'s physical functioning was largely unlimited. Tr. 54, 55-57, 2636-52.

Mr. B. argues generally that Ms. Quarles' opinion was given "in the absence of substance use" during a period of "sustained sobriety." ECF No. 12 at 16. However, the ALJ acknowledged a period of reduced alcohol consumption but found the medical records do not substantiate his reported sustained sobriety since May 2023. Tr. 51. Mr. B. further argues without explanation that the ALJ improperly rejected Ms. Quarles' opinion based on waxing and waning symptoms. ECF No. 12 at 16. Mr. B. does not show that his improvements are part of waxing and waning. Regardless, this does not address the ALJ's findings which are supported by substantial evidence.

### 4. Step Five

Mr. B. contends the ALJ's finding is insufficient because it is based on a hypothetical to the vocational expert that does not account for all of his limitations. ECF No. 12 at 21. Because there are unresolved issues regarding Mr. B.'s symptom statements and the medical opinion evidence, the medical record must be reconsidered and the ALJ must conduct a new sequential evaluation.

### 5. Remedy

Plaintiff requests the Court remand for an award of benefits. ECF No. 12 at 22. The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d

599, 603 (9th Cir. 1989). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, it is not clear that the ALJ would be required to find Mr. B. disabled if all the evidence were properly evaluated. There are outstanding questions regarding Mr. B.'s symptom statements and the medical opinions. On remand, the ALJ shall reconsider the record and conduct a new sequential evaluation.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. The Court reverses the Commissioner's decision.

Accordingly,

1. Plaintiff's Brief, **ECF No. 12**, is **GRANTED**.

2. Defendant's Brief, **ECF No. 16**, is **DENIED**.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 23

3.  This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for the Plaintiff and the file shall be **CLOSED**.

**DATED** August 1, 2025.

REBECCA L. PENNELL
United States District Judge

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS ~ 24